# CHARLESTON.

OHIO FUEL OIL Co. *v.* BURDETT, JUDGE.

Submitted March 6, 1912.    Decided March 6, 1912.

(Opinion Filed October 7, 1913.)

PARTITION—*Grounds of Receivership—Preservation of Property.*

> When a tract of land, containing large and valuable deposits of oil and gas, as indicated by operations upon adjacent land, is the subject matter of a suit in partition, and there is imminent danger of loss to the cotenants by drainage through the operation of wells on adjaecnt land, and the parties interested therein and owners in fee simple are unable to agree upon some plan

for development of the land for its oil and gas, or som these parties refuse to join in such measures, the court in w the suit is pending may appoint a receiver to produce th and gas as a measure of preservation.

Application for writ of prohibition by the Ohio Fuel Company against Samuel C. Burdett, Judge, etc., and ot

*Prohibition Refus*

*Brown, Jackson & Knight, Thomas P. Ryan,* and *E. M. delte,* for petitioner.

*Geo. E. Price, Berkeley Minor, Jr., Cato & Bledsoe,* and *Alexander,* for respondents.

POFFENBARGER, PRESIDENT:

Questioning the jurisdiction of a court of equity, to ap a receiver to produce oil and gas from a tract of land c in undivided interests by numerous persons and under for oil and gas purposes to parties who are unable to upon a plan of operation for their mutual interests, as a r of preserving the oil and gas from loss or waste by dra through operations on adjacent premises, the relator fil petition for a writ of prohibition, upon which a rule was and the case made up for hearing on the merits.

The nature of the cause in which the receiver was app and the status thereof at the time of the appointment, to with all the facts involved and the relation of the partic very clearly and succinctly stated in the answer of t spondent as follows:

"The said suit was brought for the purpose of compel partition of a small tract of land containing about 25 lying in Kanawha County, West Virginia, alleged to be by a large number of persons in different interests. A section 1 of chapter 79 of the Code of West Virgin Circuit Court of the County wherein is the estate, is jurisdiction of such suit. This defendant, as judge said Circuit Court, was convinced from the pleading affidavits filed in said cause that said tract of land has w a large quantity of petroleum oil and gas, and that by re

lls already drilled by the plaintiff in this cause—the de-
dant in said chancery cause—on adjacent lands, near the lines
this tract, and by the William Seymour Edwards Oil Com-
hy, and by other wells which are being drilled and are located
ry close to the lines of this tract by the said plaintiff in this
ise; the said petroleum oil is being, and will be, very rapidly
ained away from said tract, principally by the plaintiff in
is cause, the Ohio Fuel Oil Company, which is one of the
tenants of said tract of land involved in said chancery cause;
d that a very large amount, if not all, of said oil, will have
en extracted from said tract of land before a final decree of
rtition and settlement of the rights of the parties interested
n be had in said cause; that the said Ohio Fuel Oil Company
d said William Seymour Edwards Oil Company are within
eir strict legal rights in drilling oil wells on the adjacent lands,
ar the line of this tract, and cannot be prohibited from doing
by injunction; that by this means the greater part, if not
actically all, of the value of the said land will be taken away,
khausted and lost before partition can be had, and the other
nants in common deprived of their rights therein. And this
efendant, as judge of said court, was of opinion that this was
proper case for the appointment of a special receiver on
ccount of the danger of the loss and misappropriation of the
ibject matter of this suit, or a material part thereof, under
ection 28, of chapter 133 of the Code of West Virginia, and
nder the general powers of a Court of Equity to preserve
rom loss or destruction the subject matter involved in any suit
ending before it, and especially in a partition suit. This re-
pondent was of opinion that the said circuit court had the power
o prevent, by means of a receiver, one cotenant from appro-
priating to itself the substance, value and profits of a tract of
and involved in a partition suit by indirect ways and means
vhen such cotenant had no right to make such appropriation by
proceeding directly on the land itself."

The application for the writ raised only a question of juris-
diction in the circuit court and did not call in question the
propriety of the decree or order complained of on any ground
other than the alleged want of jurisdiction, or power to appoint
a receiver to produce oil and gas from land held in cotenancy

without the consent of all parties interested therein. Under ordinary circumstances, there would be no such power, but the bill filed in the cause in which the receiver was appointed shows an extraordinary and unusual situation. The small tract of land, as to which partition was sought, probably contained very large and valuable quantities of oil and gas, as disclosed by operations on adjacent lands, and the wells on the adjacent land were so close and numerous that extensive drainage of the tract would have been the inevitable and direct consequence of the operation of such wells. The only remedy for this situation, as a means of preventing certain and great loss, was the drilling and operation of wells on the tract itself by way of off-set to wells on the adjacent land. As the relator had wells of its own on adjacent property, through which it was draining oil from the tract probably largely in excess of its interest therein as cotenant and lessee, development of the tract was against its interest, and holding interests in the tract, it was in a position to prevent development thereof by refusal to join in any manner with its cotenants, the other lessees in the work of development. What the circuit court did, therefore, by the appointment of a receiver, was not to give one person rights in the lands of another without his consent, but merely to preserve to the owners of the property that which belonged to them. It was a case of loss, without the intervention of the court by its preventive process. It was one of preservation of that which otherwise would have been destroyed. Finding no direct precedent for the action of the court below, this Court was of the opinion that its action accords with general legal principles and the analogies of the law, recognizing and admitting drastic and summary remedies for the preservation of property, likely to be lost by any means and under any circumstances. Perishable goods are sold by their custodians and their value preserved by conversion thereof into money when necessary to prevent loss. Property may be sold and converted into money by court action, pending litigation, when the expense of keeping it is so greatly disproportionate to its value that loss may result.

Upon these general principles, the writ prayed for was refused.

*Prohibition Refused.*